UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER O. OBAZUAYE, ) | |
| ) | |
| Plaintiff, ) | Case No. 21 C 3132 |
| ) | |
| v. ) | Judge Jorge L. Alonso |
| ) | |
| ILLINOIS DEPARTMENT OF HUMAN ) | |
| SERVICES, ELGIN MENTAL HEALTH ) | |
| CENTER, and CYNTHIA MASTERS, ) | |
| ) | |
| Defendant. ) | |

## Order

The Court grants Defendants Illinois Department of Human Services and Cynthia Masters' motion to dismiss [22]. The Court dismisses with prejudice Plaintiff Peter Obazuaye's claims against Defendant Cynthia Masters. All other claims are dismissed without prejudice. The Court grants Obazuaye leave to file an amended complaint. Any amended complaint shall be filed by December 7, 2021. If Obazuaye fails to submit an amended complaint by this deadline, the Court will terminate this case.

## Statement

Obazuaye filed this pro se action alleging employment discrimination against the Illinois Department of Human Services ("IDHS"), Cynthia Masters, and the Elgin Mental Health Center. Defendants IDHS and Masters (hereafter "Defendants") move to dismiss the claims against them arguing that: (1) Obazuaye's claims are untimely; and (2) Obazuaye fails to allege that Masters was his employer for purposes of 42 U.S.C. §2000e-2 (i.e., Title VII of the Civil Rights Act). For the reasons below, the Court grants Defendants' motion.

### I.   Exhaustion and Timeliness

Before suing, Title VII of the Civil Rights Act requires an employee to exhaust his or her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Chaidez v. Ford Motor Company*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)); 42 U.S.C. § 2000e-5. A plaintiff "may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–1100 (7th Cir. 2013) (citations omitted); *see also Chaidiz*, 937 F.3d at 1004–05 (elaborating on this standard). This exhaustion prerequisite requires a plaintiff to file a charge with the EEOC within 300 days of the alleged unlawful employment practice. *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (citing 42 U.S.C. § 2000e–2(a)(1)).

The Supreme Court recognizes that Title VII covers more than economic or tangible discrimination—it prohibits requiring people to work in a discriminatorily hostile or abusive work environment. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115-16. Indeed, claims for hostile work environments generally involve repeat conduct and therefore cannot be said to occur on a particular day. *Id.* at 115. Accordingly, for hostile work environment claims based on a compound series of acts, the plaintiff need only file a charge within 300 days of any act that is a part of the hostile work environment claim. *Id.* at 117. "[F]ailure to file a timely charge will bar a later suit." *Casteel v. Exec. Bd. of Local 703*, 272 F.3d 463, 466 (7th Cir. 2001). Although affirmative defenses, like exhaustion, are not typically grounds to dismiss a complaint at the initial pleading stage, a defendant may raise an affirmative defense in a motion to dismiss if the complaint's allegations set forth everything necessary to satisfy the defense. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Here, Obazuaye alleges that Masters made unwanted sexual advances toward him on September 18, 2019 during a work-performance evaluation. Although Obazuaye alleges a hostile work environment claim based on sexual harassment, the last—and only—date where he alleges any unlawful act occurred was on September 18, 2019. Obazuaye, therefore, had 300 days from September 18, 2019—or until July 15, 2020—to file his charge with the EEOC.

Defendants contend that Obazuaye's claims are untimely because he filed his EEOC charge outside the 300-day window. In support of this argument, Defendants attach to their response Obazuaye's discrimination charge filed with the EEOC on March 10, 2021. *See* [23-1]. The Court notes that Obazuaye did not attach this document to his complaint; however, he references the charge in his complaint and attaches a copy of the dismissal and notice of rights letter issued by the EEOC as an exhibit. Defendants argue that the EEOC charge is a matter of public record and that the Court can, and should, take judicial notice of this document. The Seventh Circuit has held that a court can take judicial notice of a public record without converting a motion to dismiss into a motion for summary judgment when the record is referred to in the plaintiff's complaint and central to his case. *See Venture Assocs. Corp. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Pierce v. Ill. Dep't of Human Servs.*, 128 Fed. Appx. 534, 535–536 (7th Cir. 2005) (holding that the district court was correct to conclude that charges of discrimination submitted to administrative bodies are within the public record); *Flores v. Board of Trustees of Community College District No. 508*, 103 F. Supp. 943, 948 (N.D. Ill. 2015) (holding that court could take judicial notice of Illinois Department of Human Rights charge because it was central to scope of plaintiff's claim and matter of public record). Since the EEOC charge is central to determining the scope of Obazuaye's claim and is a matter of public record, the Court takes judicial notice of Obazuaye's EEOC charge and the date he filed it. As such, because Obazuaye filed his EEOC charge well outside the 300-day window, the Court finds that he did not exhaust his claims as required by 42 USC § 2000e-5(e)(1).

The Court also takes a moment to address Obazuaye's additional arguments, which were made in what is essentially his sur-reply brief (filed without leave of court). Obazuaye avers that the harassment he experienced "continued so the plaintiff caused to be filed his complaint with the EEOC around July 2021[,]" though he does not specify what forms this alleged harassment took. Although a plaintiff can recover for an otherwise time-barred claim where the conduct is

part of a single, ongoing unlawful employment practice that occurs during the limitations period, *see Nat'l R.R. Passenger Corp.*, 536 U.S. at 117-118, a plaintiff cannot amend his complaint through briefs in response to a motion to dismiss. *See Agnew v. National Collegiate Athletic Ass'n*, 683, F.3d 328, 348 (7th Cir. 2012). As a result, the Court does not consider Obazuaye's additional allegations made in response to Defendants' motion to dismiss. The Court will, however, permit Obazuaye the opportunity to amend his complaint to include any of these other alleged violations.

## II.     Employer Status

The Court also addresses Defendants' argument that Obazuaye's allegations fail to establish that Masters was his "employer," and thus he cannot maintain a Title VII claim against her. Obazuaye responds that Masters was his "supervisor" and it was her duty to report everything that happens in an incident report, and that he sues Masters in both her official and individual capacity.

Seventh Circuit precedent clearly states that Title VII does not impose personal liability on agents, but rather invokes the doctrine of *respondeat superior* to make employers responsible for the actions of their agents. *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 n.7 (7th Cir. 2006) (citing *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998)). In other words, an individual cannot be held liable in their individual capacity as a supervisor for claims under Title VII—only the company can. *See Gastineau*, 137 F.3d at 494; *Barton v. University Corp.*, Case No. 15-cv-4149, 2016 WL 4577033, at *5 (N.D. Ill. Aug. 30, 2016).

Here, Obazuaye alleges that Masters was his supervisor, but that does not transform her into an employer within the purview of Title VII. What's more, Obazuaye's official capacity claim against Masters is duplicative of his IDHS claim. *See Thanongsinh*, 462 F.3d at 772 n.7 (affirming the dismissal of a Title VII claim against a defendant in his official capacity as duplicative of the Title VII claim against the actual employer). Accordingly, the Court dismisses Obazuaye's claim against Defendant Masters with prejudice.

## Conclusion

To summarize, the Court grants Defendants' motion to dismiss [22]. The Court dismisses Obazuaye's claims against Masters with prejudice; all other claims are dismissed without prejudice. The Court grants Obazuaye leave to file an amended complaint. Any amended complaint must be filed on or before December 5, 2021. If Obazuaye fails to file an amended complaint by that date, the Court will terminate this case.

**SO ORDERED.**                                                     ENTERED:  November 9, 2021

                                                                                                  _____
                                                                                                  **JORGE L. ALONSO**
                                                                                                  **United States District Judge**