UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Peter Obazuaye,

    Plaintiff,

v.

Illinois Department of Human Services,

    Defendant.

Case No. 21 C 3132

Judge Jorge L. Alonso

## Memorandum Opinion and Order

For the reasons below, the Court grants Defendant Illinois Department of Human Services' ("IDHS") motion for summary judgment (ECF No. 125) and dismisses Plaintiff Peter Obazuaye's amended complaint with prejudice.

## Background[1]

Obazuaye has been an IDHS employee since 2005 and has worked at the Elgin Mental Health Center since 2019. (IDHS' Statement of Facts ("DSOF") ¶ 4, ECF No. 126.[2]) Obazuaye also is a member of the Illinois Nurses Association and is subject to a collective-bargaining agreement ("CBA") between the association and IDHS. (*Id.* ¶ 7.) The CBA's Memorandum of Understanding ("MOU") establishes levels of discipline for employees who refuse to work

---

[1] This background is taken from the statements and responses the parties have submitted under this District's Local Rule 56.1 and the uncontroverted factual record. These facts are either undisputed or presented from Obazuaye's point of view as the non-moving party to the extent they are supported by the record.

[2] The Court often relies on IDHS's factual statements because Obazuaye did not file a proper response to IDHS's statement of facts; his own purported statements of fact (ECF Nos. 130, 138) also frequently lack support in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("Smith's summary-judgment materials were woefully deficient in either responding adequately to the defendants' statement or in setting forth additional facts with appropriate citations to the record. As such . . . the district court did not abuse its discretion in deeming admitted and only considering the defendants' statement of material facts.").

mandatory overtime: An employee first receives an oral reprimand, then a written reprimand (for the second offense), then a one-day suspension (for the third offense)—ultimately, the employee may be terminated for a tenth offense. (*Id.* ¶¶ 9–11.)

IDHS's employee handbook contains additional policies that apply to Obazuaye, including that "[a]n employee shall not demonstrate inappropriate behavior and/or discourteous treatment of the public co-workers, clients, and/or applicants," and "[a]n employee shall not refuse to follow supervisory instructions." (*Id.* ¶¶ 13–15.) The Illinois Code of Personal Conduct also establishes rules for IDHS employees regarding insubordination, disruptive conduct, and conduct unbecoming a state employee. (*Id.* ¶ 16.)

IDHS employees may refuse mandatory overtime if their reason for refusal is covered under the Family and Medical Leave Act (the "FMLA"). (*Id.* ¶ 17.) Though FMLA leave can be applied retroactively, it cannot begin before an employee requests an FMLA packet from IDHS's Human Resources office. (*Id.* ¶ 18.)

In June 2019, Obazuaye filed a charge against other IDHS employees alleging intimidation and retaliation. (*See* ECF No. 129 at DHS000696–97.) In August 2019, Obazuaye received a fifteen-day suspension for improper cell phone use committed in June 2019. (*See* ECF No. 129 at p. 91.)

As of March 2021, Obazuaye was a "Registered Nurse I" and his immediate supervisor was Nurse Manager Jagdeesh Kaur, who was responsible for initiating discipline of Obazuaye. (DSOF ¶¶ 5–6.) On May 9, 2021, Registered Nurse II Daisy Juntilla called Obazuaye to inform him that he would be subject to mandatory overtime. (*Id.* ¶ 20.) Obazuaye became angry and shouted that he refused. (*Id.* ¶ 21.) Though he did not immediately provide a reason for his refusal, he later told Registered Nurse II Norma Kho that he refused due to emotional stress at

work. (*Id.* ¶ 22.) On May 10, 2021, and May 12, 2021, Obazuaye again refused mandatory overtime due to emotional stress at work. (*Id.* ¶¶ 23–24.) In later correspondence, IDHS employees discussing how to handle Obazuaye's situation indicated their belief that Obazuaye may have applied for FMLA leave, but not until after he had already refused mandatory overtime, and that Obazuaye could attempt to refuse mandatory overtime based on the FMLA "if his approved condition qualified" though his refusals "would get charged to his FMLA allotment." (*See* ECF No. 138 at DHS 002281.)

Also on May 10, 2021, Obazuaye filed a charge of discrimination against IDHS with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his gender and retaliation. (DSOF ¶ 33.) Obazuaye also requested an FMLA packet, and on May 19, 2021, was informed of his FMLA eligibility to care for his child. (*See* ECF No. 138-1 at p. 7.)

On May 13, 2021, Registered Nurse II Josie Deguia called Obazuaye to ask him why a patient's medication was missing. (DSOF ¶ 25.) Obazuaye yelled at Deguia and ultimately hung up on her. (*Id.* ¶ 26.)

On May 17, 2021, Kaur requested a pre-disciplinary memorandum to human resources director Michelle Evans. (*Id.* ¶ 27.) On May 26, 2021, Kaur asked Labor Relations Administrator Crystal Schilling to be allowed to issue Obazuaye an oral reprimand for violating IDHS policies in his interactions with Juntilla and Deguia. (*Id.* ¶¶ 28–29.)

In June 2021, Obazuaye sued IDHS and other defendants in this Court, alleging discrimination under Title VII of the Civil Rights Act.[3] (ECF No. 1.)

---

[3] In his summary-judgment filings, Obazuaye sometimes argues that IDHS's conduct has violated the FMLA. However, Obazuaye's complaint does not include an FMLA claim.

3

On July 9, 2021, Kaur issued Obazuaye an oral reprimand for his behavior with Juntilla and Deguia. (DSOF ¶ 30.) On July 25, 2021, Kaur issued Obazuaye a one-day suspension for refusing mandatory overtime on May 9, 10, and 12, 2021. (*Id.* ¶ 31.)

On July 29, 2021, Obazuaye requested and received FMLA eligibility for his own health condition regarding "flare ups" he sometimes experienced beginning May 21, 2021. (*See* ECF No. 138-1 at pp. 16–20.) It does not appear Obazuaye attempted to retroactively apply any FMLA leave to his refusals to work mandatory overtime in May 2021 or that his FMLA requests and eligibility related to the emotional distress he gave as his reason for those refusals.

In September 2021, Obazuaye requested grievance hearings and claimed that "Minority Nurses are facing a human rights abuse, racial discrimination, unfair and unequal treatment at work from a collaboration of Nurse Managers and some Filipino Nurses supervisors for many years." (ECF No. 138-2 at DHS 2418.) In response, Obazuaye was informed of his rights to file a complaint with the EEOC or other agencies. (*Id.*) On October 28, 2021, Obazuaye filed another EEOC charge against IDHS, this time alleging discrimination based on his race and national origin and retaliation. (DSOF ¶ 35.) On October 29, 2021, Obazuaye received a three-day suspension related to mandatory overtime he had refused in August 2021.

In late 2021, the Court dismissed some of Obazuaye's claims, and Obazuaye then filed his operative amended complaint against IDHS. (ECF Nos. 30, 34.) The Court later dismissed all of Obazuaye's claims except his retaliation claim. (ECF Nos. 48, 50.) Following discovery, IDHS has moved for summary judgment on the remaining retaliation claim, which the Court now grants.

4

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018). The Court considers the entire evidentiary record and must view all the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). The Court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Discussion**

Title VII of the Civil Rights Act "prohibits an employer from retaliating against an employee because he has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing." *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022) (internal quotation marks and citation omitted). "To defeat summary judgment, [a plaintiff] must offer evidence from which a reasonable jury could find: (1) he engaged in an activity protected by the statute; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *Id.* (internal quotation marks and citation omitted). IDHS argues that Obazuaye cannot show that he suffered an adverse employment action other

than his suspensions in 2021 or a causal link between his protected expression and those adverse actions. It also claims it had legitimate, non-retaliatory reasons for its employment decisions regarding Obazuaye and Obazuaye offers no evidence that IDHS's proffered reasons are pretextual. The Court addresses each issue below.

## I. Adverse Employment Action

Obazuaye claims that multiple incidents constituted adverse employment actions under Title VII, including his fifteen-day suspension in August 2019, his oral reprimand in July 2021, his one-day suspension in July 2021, his three-day suspension in October 2021, and his fears that he could be fired. IDHS agrees that Obazuaye's suspensions in 2021 are qualifying adverse actions but disputes the others—the Court therefore addresses the other events below.

### a. Oral reprimand

IDHS argues that Obazuaye's oral reprimand in July 2021 does not constitute an adverse employment action because it was unaccompanied by any tangible consequences. In response, Obazuaye summarily claims that the oral reprimand was an adverse action because it would dissuade employees from engaging in protected activity.

The Court agrees with IDHS that Obazuaye's oral reprimand does not constitute an adverse employment action for Title VII purposes. Even to the extent that the reprimand meant that Obazuaye could be subject to more serious consequences for future purported infractions under the CBA's progressive discipline system, the bare reprimand itself is not enough to support his retaliation claim. *See Oest v. Ill. Dept. of Corr.*, 240 F.3d 605, 613 (7th Cir. 2001), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016) (finding that "oral or written reprimands" under a "progressive discipline system" was not an adverse action where the plaintiff pointed to no "immediate consequence of the reprimands, such as ineligibility for

job benefits"); *Teklehaimanot v. Park Ctr., Inc.*, 804 F. Supp. 2d 886, 906 (N.D. Ind. 2011) ("Even in a progressive discipline system . . . reprimands are only adverse employment actions when they come with an immediate consequence."). Obazuaye presents no tangible job consequence accompanying his oral reprimand—the reprimand thus does not constitute an adverse employment action under Title VII.

### b. Obazuaye's fears and 2019 suspension

Obazuaye's own general fears that he could be fired—which has not happened in the several years since the events in question—likewise do not constitute an adverse employment action. *See Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) ("While we do not doubt that the possibility of discipline can be stressful, we have previously held that this kind of threat is not enough to support a claim for retaliation." (citing cases)).

Obazuaye's fifteen-day suspension in August 2019 also does not qualify—this occurred well before Obazuaye filed his EEOC charges starting in March 2021 and therefore cannot support his retaliation claim. *See Durkin v. City of Chicago*, 341 F.3d 606, 614–15 (7th Cir. 2003) ("It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity. . . . An employer cannot retaliate if there is nothing for it to retaliate against.").

Accordingly, the only adverse action Obazuaye can rely on for his Title VII claim are his suspensions in 2021.

### II. Causal Connection

Having concluded that only the 2021 suspensions constitute adverse employment actions for Title VII purposes, the Court must now decide whether there is a causal connection between those actions and Obazuaye's protected activities.

As IDHS explains, Obazuaye's suspensions were caused by his disciplinary violations—his refusal of mandatory overtime three times in May 2021 and other infractions—not by his EEOC charges or other protected activity. Obazuaye points to nothing in the record indicating a causal connection between his EEOC charges and his suspensions but instead summarily claims that the real reason was retaliation. Contrary to Obazuaye's assertions, the record makes clear that his suspensions were due to his own refusal to work mandatory overtime without a legitimate reason and was in line with the CBA. *See Carroll v. Lynch*, 698 F.3d 561, 565 (7th Cir. 2012) ("[N]othing requires the district court to disbelieve defendants' proffered evidence simply because Ms. Carroll—without proof—asserts it is false."); *Kidwell v. Eisenhauer*, 679 F.3d 957, 967 (7th Cir. 2012) ("An employee's complaint does not immunize him from being subsequently disciplined or terminated for inappropriate workplace behavior. . . . Here . . . the evidence shows that Kidwell's own aberrant actions or other intervening circumstances led to the negative responses that he incurred." (cleaned up)). Therefore, a jury could not reasonably find a causal connection to support Obazuaye's retaliation claim, and summary judgment in IDHS's favor is appropriate.

### III. Pretext

Even if Obazuaye could present a prima facie retaliation claim—which he does not—he does not meet his eventual burden that IDHS's proffered reasons for its employment decisions were pretextual. Once an employee makes out a prima facie retaliation claim, "[t]he burden then shifts to the [employer] to articulate a legitimate, nondiscriminatory reason." *Johnson v. West*, 218 F.3d 725, 732 (7th Cir. 2000). Still, though, the employee "bears the ultimate burden of persuasion that the [employer's] proffered reason is merely a pretext for discrimination." *Id.*

8

IDHS explains that it had legitimate, non-discriminatory reasons for suspending him—its honest belief that Obazuaye violated its policies and the CBA, which is supported by the record. Obazuaye thus must present evidence that this reason is pretextual.

Obazuaye offers no argument or evidence that IDHS's reasons for its actions against him were pretextual, other than general conjectural statements in his filings. This does not pass muster and is another reason to grant summary judgment in IDHS's favor. *See Alexander v. Cit Tech. Fin. Servs., Inc.*, 217 F. Supp. 2d 867, 890 (N.D. Ill. 2002) ("Conclusory assertions about a decisionmaker's prejudice are insufficient to establish pretext.") (citing *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002)). The Court therefore grants summary judgment for IDHS and dismisses Obazuaye's amended complaint with prejudice.

## Conclusion

The Court grants Defendant IDHS's motion for summary judgment (ECF No. 125) and dismisses Plaintiff Obazuaye's amended complaint with prejudice. Civil case terminated.

**SO ORDERED.**                                             **ENTERED: June 28, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

9